In the Matter of the Estate of FLORENCE B. POST, Deceased.

Surrogate's Court, Kings County, May 2, 1935.

*John H. Donlan,* petitioner, in person.

*Sylvia Post Baker,* respondent, in person.

*Frank Earle Parham,* for the executors, respondents.

WINGATE, S. The present application by an attorney for a fixation of his fees under section 231-a of the Surrogate's Court Act presents a triple aspect. The *first* concerns his right to remuneration for services in the recovery of certain stock in the possession of the executors, title to which was claimed by his client; the *second,* for services rendered in an action in the Municipal Court on behalf of herself and her husband; and the *third,* for the defeat of a counterclaim by the executors against the legatee, which was litigated in the accounting proceeding in this court.

The first claimed basis of remuneration is founded upon a written agreement of retainer which provides that the attorney is retained in connection with the client's claim of gift to certain specified shares of stock. It then continues: " It is understood that the value of said stock is $85 to $90 per share and that the amount involved in the claim is 40 shares. It is agreed that I shall pay him 20% of the said value thereof, or in any settlement in lieu thereof."

The attorney was successful in the accounting in recovering the forty shares of stock for his client, and this, and certain dividends thereon received by the executors, are now held subject to her disposal.

In *Matter of Dugan* (147 Misc. 776) this court pointed out that whereas the enforcement of *inter vivos* contracts was no part of its functions, yet where the only interested parties were the attorney and the client, an *inter vivos* retainer agreement which was in all respects valid, might be effectuated as " an advance agreement by the parties respecting the extent of the lien of the attorney " (p. 780).

This principle is here applicable. The services of the attorney were purely for the benefit of his client for which reason no possible justification would exist for making his charges payable from the estate as a whole. (Cf. *Matter of Hirsch*, 154 Misc. 736.) There has been no suggestion of fraud or inequity in the making of the agreement, and the services were rendered in a proceeding in this court. Under these circumstances, there is no reason why this court should not adjudicate the existence and extent of the attorney's lien in accordance with the advance stipulation of the parties.

It is admitted that the stock is closely held and that it has no ascertainable market value. It may well be that the parties contemplated this condition when the agreement was made. In any event, the stipulation was that the stock possessed a minimum value of eighty-five dollars, and that the attorney should receive " 20% of the said value thereof." Under all of the circumstances, particularly the contingent nature of the arrangement, this arrangement is *prima facie* reasonable. The result, therefore, was that the client in effect stipulated that the reasonable value of the services of the attorney, if successful, would be twenty per cent of $3,400, or $680, and the court determines that this sum is due him.

Respecting the other two items for which recompense is sought, however, a different situation exists. As noted, the first series of services were performed in the Municipal Court. In other words, recovery is here sought for acts performed by the applicant pursuant to an agreement *inter vivos*, either express or implied,

wholly unrelated to this tribunal. In this situation, no authority is granted to this court by the provisions of section 231-a for a determination of their value.

The action was brought against the respondent and her husband to recover on a note allegedly due from them to the decedent. In respect to this she stood in a position no different from that of any other alleged debtor of the estate. Whereas, therefore, had the services been rendered in this court, *e. g.*, on the accounting, this court would possess the inherent authority of all courts to protect the rights of attorneys practicing before it, the recovery which might have been allowed the attorney for his services would not have been by reason of the provisions of section 231-a, but by reason of such inherent right. In the present instance, the protection of such right, if any, is the function of the particular tribunal in which the services was rendered, and is not cognizable or enforcible here. (Cf. *Matter of Anderson*, 136 Misc. 110, 112.)

The claim for additional services rendered in this court is capable of even more summary disposal. Respondent's answer alleges that these services were incidental to and were contemplated as within the retainer agreement. An issue of fact is thus raised which is determinable only upon a hearing and not upon affidavits or pleadings. (*Matter of Hayes*, 153 Misc. 234, 235; *Matter of Teres*, 140 id. 549, 550; *Matter of Ferrari*, 134 id. 728, 730; *Matter of Glass*, Id. 291, 292.)

The disposition of the three portions of the application are, therefore, that for the services rendered in the recovery of the stock the applicant's remuneration is found at $680; for the services in the Municipal Court the application is dismissed without prejudice to an action in a court of general jurisdiction, and as to the alleged additional services in this court, the matter may be set down for hearing on usual notice.

Proceed accordingly.