In the Matter of the Estate of MARY HAGGERTY, Deceased.

Surrogate's Court, New York County, February 2, 1943.

*Robert T. Curran* for John Scully, petitioner.

*Bannigan* and *McNamara* for John Haggerty, as administrator, respondent.

DELEHANTY, S. The administrator of deceased's estate is her surviving husband who attended to her funeral and received a bill therefor in the amount of $593.97. When deceased died there stood in her name in one savings bank an account in trust for a nephew. In another savings bank there was an account with a substantially larger balance standing in the joint names of deceased and her surviving husband. The nephew sought delivery to him of the bank book evidencing the Totten trust for his benefit. The husband had qualified as administrator and had possession of this bank book and declined to deliver it over. The nephew thereupon instituted a proceeding under section 206-a of the Surrogate's Court Act which resulted in a decision (New York Law Journal, Nov. 17, 1942, p. 1496) that the so-called Totten trust fund for the benefit of the nephew must contribute the whole of the reasonable funeral expenses of deceased. In resistance to the proceeding under section 206-a the husband asserted a right to be reimbursed for the whole funeral cost and for the medical and nursing expenses in his wife's last illness. The decision just referred to denied reimbursement for the latter items on the ground that they were the personal obligations of the husband. The decision allowed $400 as a charge against the Totten trust fund and disallowed as a charge the balance of the funeral bill incurred by the husband. The decree in that proceeding has been signed today.

After the decision had been made and before a decree was entered, attorneys for the surviving husband brought a separate proceeding under section 231-a of the Surrogate's Court Act and asked to have fixed their fees for resisting the petition of the nephew under section 206-a. The court holds that the procedure now adopted is unwarranted. There is no estate or

fund within the control of the court, nor is there any estate or fund in the hands of the representative which is chargeable with attorneys' fees. The bank book is the property of the nephew. He can redeem it under the decree now made by paying $400 to the administrator on account of the funeral bill. He owns the book and the fund otherwise completely.

Another bar to this proceeding exists in the fact that in the original proceeding all the rights of the administrator against the Totten trust fund could have been tried. To permit the administrator to make one application and to permit his attorneys to make another would constitute an inadmissible splitting of a single right of action. Harassment of the nephew by these repeated applications cannot be allowed. The respondent in the original proceeding could have asked to have his costs allowed him. In view, however, of his unwarranted demand for contribution to an excessive funeral bill and his demand that he be reimbursed for expenses for which he alone is liable, the court in the exercise of a proper discretion would have denied costs.

The present application must be dismissed on the merits because it is not maintainable independently of the original proceeding. It is a proceeding in the name of the attorneys to procure the same allowance which would have been permissible on a cost bill. For the reasons which would have denied costs to the administrator the present petition would be denied if the merits were open. The petitioning attorneys may look to their private client for compensation. It was in support of his interest as an individual that the services were rendered.

Submit, on notice, decree accordingly.