In the Matter of the Accounting of ELEANOR R. ELLIOTT, as Administratrix C. T. A. of GRACIE H. ROOSEVELT, Deceased.

Surrogate's Court, New York County, December 17, 1947.

*Henry S. Hooker* for administratrix, petitioner.

*Grenville T. Emmet, Jr.*, and *George W. Martin* for Bank of New York, as trustee, respondent.

DELEHANTY, S. The petition asks settlement of the account of the administratrix *c.t.a.* and leave to abandon certain notes as worthless. It also asks that the total compensation of the attorney for the estate be fixed at $7,000. It asks recoupment of $4,000 of this amount from an *inter vivos* trust the value of which was included in the gross tax estate for the purpose of fixing the estate tax. This trust fund is under the management of the

respondent bank which opposes any charge to the *inter vivos* trust of any part of the requested compensation of the estate attorney. This bank trustee in turn seeks to compel payment out of true estate assets of the amount paid out of the *inter vivos* trust principal in discharge of the estate tax imposed by Federal authorities on that trust principal.

The true estate assets are derived from miscellaneous general assets having an aggregate value of $3,462.12 and from Government insurance on the life of deceased which produced the sum of $10,000. After allowing for some increases and some decreases in estate asset values during administration of the estate and for the funeral expenses of deceased and certain administration expenses, there remains cash in the amount of $2,115.56 in the general estate account and $10,000 of insurance funds in a special account established by order of this court. Commissions are claimed of $390.18. The total claims against the estate exceed $38,000. One claim having a face value of $21,265.04 is entitled to preference in payment over all other claims.

Leave is granted to abandon the uncollectible assets. The compensation of the attorney for the estate is fixed in the sum of $2,700 in addition to the $300 scheduled as having been paid to him out of an estate asset while in course of collection from another estate. In making this allowance the court has not undertaken to pass in any way upon the value or the extent of services, if any, rendered in respect of the *inter vivos* trust fund already mentioned. This court is without jurisdiction to deal with the liabilities of that fund and it may not do so indirectly by making an allowance out of true estate assets and then saying, as it is asked here to do, that the true estate has a claim enforcible here over against the *inter vivos* trust fund.

Since the amount of the compensation allowed exceeds the cash balance on hand in the general estate account there is presented the question whether or not the proceeds of the Government life insurance are chargeable with the fees of an attorney for legal services which included though they were not limited to the collection of the insurance proceeds. The court holds that such proceeds are subject to the payment of attorney's fees (*Matter of Maybury*, 174 Misc. 246, and cases there cited; *Pagel* v. *Pagel*, 291 U. S. 473; *Lawrence* v. *Shaw*, 300 U. S. 245, 249; *United States Trust Co.* v. *Helvering*, 307 U. S. 57, 59). The cited cases seem to this court to make it clear that so far as such expenses are concerned the fund derived from the insurance is available as a means of payment; and that the amendment accomplished by the

repeal of section 454 of title 38 of the United States Code and the enactment of the new section 454a of that title did not alter the rule established under the prior text in respect of such expenses.

The allowance to counsel having exhausted the general assets it becomes pertinent to ascertain whether the same special deposit of insurance funds may be resorted to by the respondent bank to collect the amount of estate taxes paid by it as trustee out of the *inter vivos* fund in its hands. It claims the right to repayment out of general assets because it claims that Michigan law is applicable and that such law permits the holder of taxed funds outside the true estate to get reimbursement from the true estate. Assuming without deciding that that is the state of the Michigan law and that such law is applicable, the demand of the respondent bank must be denied. The proceeds of the war insurance are expressly declared to be immune to taxes. While it has been held in *Matter of Sabin* (224 App. Div. 702) and in *Matter of Reilly* (187 Misc. 234) that such insurance is not exempted from the toll exacted under the Internal Revenue Act by reason of the transfer of *the fund itself* the exemption is plainly applicable to the kind of claim now made by the respondent bank. The money for which that bank seeks reimbursement was paid as tax on a wholly different fund. In respect of such a payment the proceeds of the war insurance are immune.

For the sake of emphasis, the court reasserts that nothing in this decision is intended in any wise to deal with the claim of the petitioning attorney against the *inter vivos* trust fund. The subject matter of his services to such fund and the question whether he was retained to render services in respect of such fund cannot be considered by this court.

Submit, on notice, decree settling the account in accordance with this decision.