In the Matter of the Estate of Theodore R. Adler, Deceased. Arthur A. Low et al., Doing Business as Cooperman & Low, et al., Appellants; Bernard J. Rubenstein, as Special Guardian for Unknown Persons, et al., Respondents. — In a proceeding brought pursuant to section 231-a of the Surrogate's Court Act, the petitioners appeal from so much of a decree, made on reargument, as denies their application to fix their compensation and to direct payment thereof for services rendered by them in opposing an application by an alleged attorney in fact to withdraw legacies deposited for the benefit of known legatees in the Surrogate's Court pursuant to section 269 of the Surrogate's Court Act. In denying the application the Surrogate held that he was without power to grant the relief sought because the executor of the estate had fully complied with the directions of the decree, which settled his final account, and had been discharged, and there were therefore no moneys in the hands of the representative of the estate. Decree of the Surrogate's Court, Kings County, insofar as appealed from, affirmed, without costs. Under section 231-a of the Surrogate's Court Act, allowance of counsel fees can be made only if there are general funds of an estate or funds of a legatee or distributee in the hands of a representative of the estate. Here the executor had died at the time the appellants applied for an allowance. He had been discharged by performance of the directions in the decree settling his final account. He held no general funds of the estate or any funds for any legatee. After his discharge, no representative of the estate held any such funds. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur. [See *post*, p. 961.]