Maximilian Moss, S.
As an incident to their accounting as executors, petitioners request the court to construe the will as exonerating the beneficiaries of property forming the bulk of the tax estate and passing to them outside of the will from contributing pro rata to the Federal and State estate taxes assessed and paid by the executors in the sum of $109,011.89; or, if such construction is not made, to direct said beneficiaries to pay to the executors their respective tax shares.
Under section 124 of the Decedent Estate Law such taxes must be equitably apportioned among the persons interested in the gross tax estate “ except in a case where a testator otherwise directs in his will, and except in a case where by any instrument other than a will, hereinafter called a ‘ non-testamentary instrument ’, direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such non-testamentary instrument ”. Any such direction must be contained in the will or instrument and be clear and unambiguous (Matter of Pepper, 307 N. Y. 242). Petitioners rely upon the provisions of the will and of a simultaneously executed inter vivos agreement between testator and the widow wherein she waived her right to elect to take against the will herein. In neither instrument is there any reference to tax apportionment or a direction against apportionment. Petitioners however urge a presumed testamentary intent to free from the tax burden the beneficiaries of 23 Totten trusts and of other personal as well as real property passing to them by operation of law upon testator’s death. They contend that such intent must be found in order to give meaning to paragraphs ‘ ‘ Second ’ ’ and ‘ ‘ Third ’ ’ of the will, wherein testator *823 bequeathed and devised to his brother certain real property which they held as joint tenants and any and all real and personal property owned by them jointly or as partners; and to paragraph ‘ ‘ Fourth ’ ’ wherein testator specifically requested that all accounts in his name as trustee for a beneficiary or payable to a survivor “ are to be the property of such named beneficiary or survivor and are not to form any part of my estate.” They emphasize the word “any” as implying a request by testator that all property which would pass outside of the will should not be considered a part of the estate even for tax purposes. In further support of this requested construction petitioners point to the fact that the will contains no gifts other than the residuary and those mentioned above and claim that such construction will greatly benefit the widow and especially the three infant children who are beneficiaries of substantial Totten trusts and government bonds as well the chief residuary trust beneficiaries. The special guardian, while conceding that the infants might be benefited by a construction as urged by the executors, finds himself constrained to assert that it is contra to the applicable law.
The fatal weakness of petitioners’ contentions is that tax apportionment is mandatory as the declared statutory policy unless the testator expressly directs otherwise. Where there is no reference to apportionment or direction against apportionment whatsoever, as is done in this ease, there is no room for construction.
It is true that section 124 of the Decedent Estate Law was enacted primarily to benefit the residuary beneficiaries who are usually the primary objects of a testator’s bounty, by prorating equitably the burden of estate taxes which prior thereto generally rested upon them alone. It does not follow, however, that the court may afford construction in the absence of any direction against apportionment simply because application of the statute in a particular case would work in their disfavor as alleged here. The court therefore finds that both testamentary and nontestamentary benefits must bear their proportionate part of the taxes and directs the beneficiaries herein to contribute on account of the Federal and State estate taxes or pay to the executors the amounts thereof equitably apportioned against them respectively. Settle decree on notice.