George A. Breeder, S.
The petitioner, an attorney at law, has instituted a proceeding pursuant to section 231-a of the Surrogate’s Act to fix and determine the fair and reasonable value of legal services rendered by him in behalf of the executor under the will of the above-named decedent.
The decedent died a resident of Westchester County on December 18, 1955, and her will dated March 31, 1952 was admitted to probate by a decree of this court dated March 29, 1956.
At the time of her death decedent owned property in her individual name valued at approximately $6,400. In addition thereto assets valued at approximately $121,000 were held in the joint names of decedent and her husband, who is also the sole beneficiary as well as the executor under the will. The legal services rendered by petitioner included the usual legal services required in a proceeding to probate the will. In addition thereto petitioner conducted the State and Federal estate tax proceedings. As an incident to the conduct of both tax proceedings, petitioner investigated the facts and obtained and furnished the necessary documentary evidence to establish that all of the assets held in the joint names of decedent and her husband represented moneys or other assets furnished by the husband. As a result both taxing authorities excluded as taxable the property held in joint names. Any resultant tax saving in the Federal estate tax proceeding was nominal, and a saving of approximately $600 was effected with respect to the State estate tax proceeding.
Respondent contends that since the property held in joint names passed to the survivor by operation of law, the Surrogate’s Court is without power to fix a fee for services rendered in the estate tax proceeding as to assets which are not subject to the jurisdiction of the Surrogate as true assets of the estate of decedent. This contention is overruled and dismissed. The executor is charged with the duty of causing to be fixed and paid any Federal or State estate tax which may be imposed with respect to the estate of decedent. (Internal Revenue Code, §§ 821, 822; IT. S. Code, tit. 26, §§ 821, 822; Tax Law, §§ 249-v, 249-n, 249-0, 249-p.) It was therefore the duty of the executor to cause such estate tax proceedings to be instituted and to pay any State *906 or Federal estate tax imposed by reason of the death of decedent: (Matter of Zahn, 300 N. Y. 1.) Under these circumstances, the petitioner is entitled -to be compensated for such legal services necessarily rendered by him as attorney for the executor in fulfilling the obligation imposed upon the executor.
There is here no question as to the apportionment of estate taxes or of expenses incident to the fixation or payment of estate taxes pursuant to section 124 of the Decedent Estate Law, since the husband of decedent is the sole beneficiary under the will and is entitled as surviving joint tenant to any property held in joint names.
Subdivision 7 of section 124 of the Decedent Estate Law expressly provides for the assessment upon an equitable basis of the expenses in connection with the determination of the tax as well as for the apportionment of the tax where the tax upon nontestamentary property is apportioned. Section 124 of the Decedent Estate Law therefore presumes an initial payment from testamentary or true estate assets, if sufficient, of all expenses in determining the estate tax, in addition to the expenses of apportioning where necessary any tax paid. Although there is here no necessity of apportioning the expenses of fixing the tax, or of apportioning the tax as between testamentary and nontestamentary assets, the executor remains liable for the payment of estate taxes and for the reasonable expenses necessarily incurred in causing the tax to be fixed. The estate assets are therefore properly chargeable with the fair and reasonable value of the legal services rendered by the attorney for the executor in connection not only with all proceedings relating to true estate assets, but also with respect to legal services necessarily rendered in the estate tax proceedings involving nontestamentary assets required to be included in the estate tax prqceedings. Payment may therefore be directed under section 231-a of the Surrogate’s Court Act from estate assets which remain, or which must be deemed to remain, in the hands of the executor.
The court fixes' the sum of $1,750 as the fair and reasonable vahie of the legal services rendered by petitioner. The fixation of such fee is based upon all factors ordinarily considered. As to the legal services rendered by petitioner, excluding services rendered in the tax proceedings, the court has considered the value of the testamentary estate. With respect to the services rendered in the estate tax proceedings, the court has considered in addition to the other relevant factors the value of the property held in joint names as well as the testamentary estate in evaluating the legal services rendered in the State and Federal estate tax proceedings.