Joseph A. Cox, S.
In this proceeding to settle her account, the executrix, among other prayers for relief, has requested that her attorneys’ fees be fixed and approved in the total sum of $3,750 of which $750 is to be charged to the testamentary estate and $3,000 is to be charged proportionately against the shares of the persons receiving the nontestamentary assets. The facts in this case are somewhat unusual. The testatrix died possessed of a gross testamentary estate of approximately $16,000. However, by means of Totten Trust accounts established during her lifetime and bonds and other property which became payable upon her death to named beneficiaries, the testatrix disposed of nontestamentary assets amounting to approximately $80,000 which of necessity had to be included in the estate for tax purposes. Thus the taxable estate became approximately $96,000 and the executrix and her attorney were forced to consider many problems and render services which would not have been necessary had only the testamentary estate of $16,000 been involved.
There are 11 adult beneficiaries and 4 infants Avho share the taxable estate. Of these 6 adults will receive both testamentary shares of the estate and nontestamentary shares; 3'adults Avill receive only testamentary shares of the estate and 2 adults and the 4 infants will receive only nontestamentary assets.
The attorney for the executrix has submitted an affidavit of services in which he details the additional Avork and services which were required of him as a result of the inclusion of the nontestamentary assets in the taxable estate. The fees requested by the said attorney have been consented to by 10 of the adult beneficiaries. One of the adult beneficiaries who will receive both testamentary and nontestamentary assets refused to sign a waiver and consent and the special guardian representing the 4 infants has objected to the proposed apportionment of the fee among the persons receiving the nontestamentary assets on the grounds that the payment of attorneys’ fees are not authorized by statute as an“ expense.”
Prior to 1950 our courts were powerless to assess any fee against nontestamentary property or interests received by persons even though taxes had been properly apportioned and allocated to such nontestamentary property or interests. (Matter of Vanderbilt, 99 N. Y. S. 2d 490; Matter of Moore, N. Y. L. J., *944 June 5, 1951, p. 2082; Matter of Roosevelt, 191 Misc. 840.) However, in 1950, subdivision 7 of section 124 of the Decedent Estate Law was amended so as to take care of this apparent inequitable situation. As the statute now reads, the Surrogate may “ in his discretion assess against such property or interests, as the case may be, an equitable share of the expenses in connection with the determination of the tax and in connection with the apportionment thereof.”
A search for precedent has failed to reveal any officially reported cases with reference to the problem. However, in Matter of Moore (supra), Surrogate Rubensteiít, upon application to apportion an equitable share of legal expenses incident to the apportionment proceedings under section 124 of the Decedent Estate Law against the nontestamentary property or interests, decided that the application could not be granted only because the decedent therein had died prior to the effective date of the amended statute which was September 1, 1950. A similar decision was made by Surrogate Rubexstein in Matter of Weiler which appeared in the New York Law Journal (Feb. 8, 1952, p. 556, col. 4). In Matter of Wagner which appeared in the New York Law Journal (March 25, 1952, p. 1189, col. 6), the Surrogate recognized that attorneys’ fees constituted expenses which could be assessed against the nontestamentary property in connection with the determination of the tax and the apportionment thereof. It is interesting to note that the draftsman’s note to the 1950 amendment of section 124 of the Decedent Estate Law contains the following statement: ‘ ‘ The bill contains express provisions relating to the apportionment of the expenses of the tax proceeding and apportionment proceeding ’ ’. It is the opinion of this court that by the use of the word “ expenses ” the Legislature intended it to cover all necessary expenses required as a result of the inclusion of nontestamentary assets in the taxable estate and that such expenses include attorneys’ fees. It is held therefore that the amendment to subdivision 7 of section 124 of the Decedent Estate Law gives to attorneys the right to seek an equitable allocation and apportionment of their fees among all persons required to pay a proportionate share of the taxes assessed against the estate.
The remaining question to be determined is what would be considered a fair and equitable fee to be charged against the nontestamentary shares of the infants and the one individual who did not sign a consent and waiver. Were there no consents, and were this court called upon to fix a fair and reasonable fee for the work done in connection with the tax proceeding and the apportionment of the said taxes pursuant to section 124 of *945 the Decedent Estate Law, this court would fix such fee in the sum of $2,000. The court therefore directs that the shares of the infants and the share of the individual who did not consent to the fees requested by the attorney for the executrix be charged proportionately with the attorney’s fee on this basis. This, however, shall in no way affect the fees to be paid by those persons who have already consented to the fees requested. The fee of $750 requested by the executrix and her attorney to be fixed against the testamentary estate is approved. The application to abandon the assets listed in schedule B-I of the account is granted. As none of the parties interested in the proceeding has objected to the apportionment of taxes as set forth in schedule I of the account, the court approves the apportionment thereof made in accordance with section 124 of the Decedent Estate Law.