Piebsox R. Hildbeth, S.
This is an application by an attorney under section 231-a of the Surrogate’s Court Act to fix and determine his compensation for services rendered to the administratrix in settlement of her husband’s estate. He also requests that his compensation for services stated to have been rendered to the administratrix individually be fixed.
It- seems regrettable that the attorney and administratrix are in controversy in this very small estate. The decedent died intestate survived by his wife and three adult children. The only true estate assets which came into the hands of the administratrix for administration were the sum of $872.52 from two *790 bank accounts and the sum of $250 received from the Veterans’ Administration as a partial reimbursement for burial expenses^ The administration ■ and settlement of- the ■ estate required- a minimum of work of a simple and routine nature. The'Wife obtained letters of administration as a matter of routine upon her own petition. Ordinary renunciations were executed by the adult children which required no particular effort on the part of the attorney. These renunciations were unnecessary since the surviving wife had the prior right to appointment. The two bank accounts were transferred to an estate account. There will be no need for any accounting because after payment of funeral and administration expenses from the estate assets of $872.52, the entire balance remaining, if any, would be allowable to the widow as her setoff under section 200 of the Surrogate’s Court Act, leaving nothing for distribution. Furthermore, the children have executed simple assignments of whatever interest they might have in the estate to their mother.
The only other services to the administratrix were in connection with a New York estate tax proceeding to secure an order exempting the estate from tax. The proceeding was routine and was necessary only because decedent and his wife owned two parcels of real property as tenants by the entirety having an appraised value of $25,000, one of which parcels was subject to a mortgage of $6,475.95; and had $1,139.97 in a joint bank account. These items passed directly to the wife by operation of law and were not part of the true estate passing through the hands of the administratrix.
The representative has the duty to conduct any proceedings necessary for the determination of estate taxes, including therein all items comprising the gross estate for tax purposes. This may, of course, include items passing outside of the decedent’s true testamentary or intestate estate. Any estate taxes due are, and an equitable portion of the expenses in connection with determination of the tax may be, apportioned and assessed among the parties receiving the property or interests included in the tax proceeding including the interests not passing through the process of administration. (Decedent Estate Law, § 124, particularly subd. 7. Matter of Fletcher, 34 Misc 2d 904; Matter of Mervis, 26 Misc 2d 942; Matter of Walsh, 23 Misc 2d 873.) Here, however, there is no necessity for such apportionment because the administratrix and the person receiving such- assets outside of the true estate are one and the same person.
As for services rendered to the administratrix individually, the only services mentioned relate to the collection, without difficulty, of insurance proceeds payable directly to the wife as *791 individual beneficiary. There is no indication that such services had' anything to do with estate assets, nor with any responsibilities of the administratrix in her representative capacity in settlement of the estate. The court has no jurisdiction in these circumstances to determine compensation due the attorney, if anything, for services rendered to an individual respecting items passing outside the true estate and having nothing to do with process of testamentary or statutory administration. (Matter of Anderson, 136 Misc. 110; Matter of Roosevelt, 191 Misc. 840; Matter of Walsh, 23 Misc 2d 873, supra.)
As to the reasonable and adequate legal fees in this particular case the court has given consideration to the usual factors (see Matter of Potts, 213 App. Div. 59, affd. 241 N. Y. 593). The court has also considered the extent and nature of the estate coming into the hands of the representative requiring administration, the extent and nature of the taxable estate requiring services in connection with the tax proceeding and all facts presented on the application. Reasonable and adequate compensation always depends on all factors present in the particular case. In this case the court determines that for services in obtaining letters of administration and in connection with transfer of the two bank accounts and general administration of the true estate a fee of $225 will be allowed. For services in conducting the tax proceeding and obtaining order exempting the estate from tax a fee of $250 will be allowed. The total amount thus allowed for services is $475, of which $100 has been paid. The attorney is also allowed disbursements in the requested amount of $23.50.