868

■ MARY L. FAULKENBERRY, Appellant, v. DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE APPEAL BOARD, Respondent.— Permission to prosecute appeal as poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS V. JACKSON, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES WILLIAMS, Petitioner, v. WALTER M. WALLACK, as Warden of Wallkill Prison, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. COREY L. BEAUCHAMP, Appellant.— [In each action] Time to perfect appeals extended 90 days.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY LOUIS SOLIMINI, Petitioner, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent. (B) In the Matter of CHRISTOPHER M. CRAGG, JR., Petitioner, v. RUSSELL G. OSWALD, as Chairman of the Parole Board, Respondent.— [In each action] Permission to prosecute appeals as poor persons granted. Appeals may be perfected upon one typewritten copy of the records and five typewritten copies of the briefs. Motions in all other respects denied.

## (October 31, 1962)

■ In the Matter of the Accounting of ROBERT C. UTTER et al., as Administrators of the Estate of ANNA M. UTTER, Deceased, Appellants. JOE SCHAPIRO, as Attorney for DAVID B. UTTER, Respondent.— Appeal by the administrators of the goods, chattels and credits of deceased from that part of a decree of the Surrogate's Court, Madison County, which fixed and determined the sum of $750 as compensation for respondent for legal services and expenses and directed its payment from the general estate. The services alleged by respondent to have benefited the estate were rendered at the request of his own client, one of five distributees of deceased, and in our judgment solely in the protection of his interests and without benefit to the estate. In these circumstances respondent must look to the client for his compensation. (*Matter of Bacharach*, 12 A D 2d 938; *Matter of Luckenbach*, 280 App. Div. 994, affd. 307 N. Y. 795.) Section 231-a of the Surrogate's Court Act is not available to determine a claim for professional services allegedly rendered deceased prior to her death. Our prior decision denying respondent's motion to dismiss the appeal upon the ground of untimeliness (13 A D 2d 579) is *res judicata* and not again the subject of review here. Decree modified, on the law and the facts, by striking out the second decretal paragraph and by substituting therefor a provision denying any compensation to respondent from the intestate's estate and, as so modified, affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.