James S. Brows, Jr.,
Acting Surrogate. This is an application by attorneys for testator’s widow for the fixation of their compensation for services rendered to her. The petitioners *241 recite that they entered into a written agreement of retainer with the testator’s widow providing that she pay them for their services in her behalf a down payment and one third of any recovery in excess of $35,000. The issues raised by the objections filed in behalf of the widow to the account were compromised by a stipulation entered into before the Referee to whom this matter was referred to hear and report. The executor by the stipulation agreed to execute papers vesting in the widow the balance in a commercial bank in the joint names of testator and the widow and certificates of stock ‘ ‘ in the names of the decedent and Mrs. Feliner jointly.” It is claimed that through the attorneys’ efforts the respondent recovered $36,729.25 and certain shares of stock having a net value of $22,281.57. The petitioners have in their possession two bank checks evidencing a total of $16,459 of the recovery.
While the petitioners recite that they have possession of checks to the order of the respondent, there is no recital that any funds due her from the estate of her husband are in the hands of the executor. Section 231-a of the Surrogate’s Court Act permits the court to fix and determine the compensation of an attorney for services rendered to a distributee and direct that payment thereof be made from “ funds in the hands of the representative belonging to any legatee * * * or person interested therein.” Direction for payment can only be made if there are moneys due a legatee or distributee in the hands of the fiduciary (Matter of Adler, 285 App. Div. 889; Matter of Pezdir, 17 Misc 2d 692; Matter of Haggerty, 179 Misc. 671).
The application appears to seek the recognition and enforcement of the retainer agreement made by the widow with her attorneys which fixed the amount of the attorneys’ compensation at a stipulated sum plus a percentage of the amount recovered by her from her husband’s estate over a stipulated amount. It has been the matter of frequent adjudication that the Surrogate possesses no authority under section 231-a of the Surrogate’s Court Act to adjudicate the rights of attorneys to compensation under such a written agreement (Matter of Geller, 167 Misc. 578) since the Surrogate’s Court has no jurisdiction to enforce a purely contractual obligation between attorneys and their client (Matter of Thomas, 235 App. Div. 450, 454; Matter of Campbell, 145 Misc. 389; Matter of Kalik, 178 Misc. 607, 609).
The stipulation of settlement acknowledged the widow’s ownership of a joint bank account and shares of stock held jointly in the names of the testator and his wife. The distinguishing incident of title by joint ownership is survivorship, the entire subject matter of such jointly owned property passing *242 to the survivor (Belfanc v. Belfanc, 252 App. Div. 453, 456). The terms of the settlement recognized the two items referred to therein as jointly held property which passed to the widow on her husband’s death. The property so passing is not part of the true estate and there is no authority to determine compensation based on items passing outside of the true estate (Matter of Roosevelt, 191 Misc. 840). Whether it was within the contemplation of the parties that the amount in the joint bank account and the value of the stock jointly held, by the testator and the widow was to be considered as part of the recovery for the benefit of the widow is a matter for determination of another forum for the enforcement of the attorneys’ lien, if any, on the funds in their possession. For the reasons herein assigned, this application is denied without prejudice to the rights of the petitioners to pursue their remedies in a court of general jurisdiction.