■ In the Matter of the Estate of EUGENE LA GROVE, Deceased. BRUCE FRAZIER, Appellant; FIRST NATIONAL CITY BANK, Respondent.— In a proceeding for judicial settlement of the final account of the successor trustee of a testamentary trust, one of the remaindermen of the trust appeals from (1) a decree

of the Surrogate's Court, Kings County, dated April 14, 1967, which settled the account, except the portions of the decree which denied an additional attorneys' fee of $3,000 and directed distribution to appellant as shown in Section III of the account; and (2) an order of the same court, dated September 13, 1967, which (a) denied appellant's motion to set aside said decree and the decisions upon which the decree was based, for a new trial, and for discovery and inspection, (b) dismissed appellant's motion to compel delivery of assets in kind to him and (c) reserved to the trustee or its counsel the right to apply for an additional counsel fee for services necessitated by appellant's motions and the instant appeal from the decree. Decree modified, on the law and on the facts, (1) by inserting the words "in part" after the word "granted" in the paragraph immediately following the third decretal paragraph; (2) by striking from the fourth decretal paragraph the verbiage from "Thirty thousand" to "said account", inclusive, and substituting therefor the following: "$26,250, chargeable only to the shares of the remaindermen other than Bruce Frazier;" and (3) by striking from the fifth decretal paragraph the verbiage and figure from "As and for an allowance" to "$3,750.00", inclusive. As so modified, decree affirmed insofar as appealed from, without costs. Order modified, on the law and on the facts, by striking out the second and third decretal paragraphs which, *inter alia,* reserved to the trustee or its counsel the right to apply for an additional counsel fee and directed the trustee to retain $3,000 as a reserve for such additional counsel fee. As so modified, order affirmed, without costs. The counsel who represented the beneficial life interest should not have joined with the trustee's attorneys as cocounsel, either in this accounting or in other trust matters prior thereto. Because of the inherent danger of conflicting interests, a close interrelationship between the beneficial life interest and the trust from which it sprung mandates that attorneys representing the respective interests deal with each other at arms length; such entwinement cannot justify their joinder in a cocounsel relationship as suggested by one of the attorneys in his affidavit of services. The principle of undivided loyalty requires uncompromisingly high standards on the part of attorneys which should not be undermined by the disintegrating erosions of particular exceptions (*Matter of People [Bond & Mtge. Guar. Co.],* 303 N. Y. 423). Furthermore, the record clearly demonstrates that services allegedly rendered for the trustee and the trust corpus by the life beneficiary's attorneys were performed solely for the benefit of the life beneficiary. Nowhere is it shown that such services benefited the trust. This being so, said attorneys should not be compensated from the trust corpus at large (*Matter of Utter,* 17 A D 2d 868, affd. 13 N Y 2d 836; *Matter of Bacharach,* 12 A D 2d 938). However, since only appellant has raised any objection concerning the attorneys' fee, and the other seven remaindermen have consented to pay their pro-rata shares of the $30,000 attorneys' fee, which the Surrogate approved, and which shares amount to 7/8ths of said fee, or $26,250, and have signed receipts and releases to that effect, we disallow only that portion of the fee allocable to appellant's 1/8th remainder interest, or $3,750 (*Matter of Rich,* 27 Misc 2d 364, app. dsmd. 13 A D 2d 749, mot. for rearg. den. 13 A D 2d 760; *Matter of Young,* 156 Misc. 795). Brennan, Acting P. J., Hopkins, Benjamin and Martuscello, JJ., concur. Rabin, J., dissents and votes to affirm the order and the decree insofar as appealed from.