Irving A. Green, J.
In this accounting proceeding the court is presented with the recurring problem of fixing counsel fees to estate attorneys where both testamentary and nontestamentary assets comprise the gross taxable estate. The testamentary assets amount to $15,470.83. The gross taxable estate (which includes an inter vivos trust valued at $271,798.35) amounts to $307,430.66. The account, as filed, requests a counsel fee in the "sum of $7,700 which is not reasonable if based solely upon the testamentary assets of this estate. It is sought to be justified upon the ground, substantially, that the testamentary assets and nontestamentary assets together constitute a single testamentary scheme of the testator, so that the aggregate of such assets should be deemed the amount upon which the counsel fee should be considered, in addition, of course, to the other considerations involved in the fixation of counsel fees in estate matters (Matter of Potts, 213 App Div 59, affd 241 NY 593; Matter of Freeman, 34 NY2d 1). The amount of the testamentary estate is an important consideration in fixing the attorney’s legal fee for services rendered. (Matter of Kaufmann, 26 AD2d 818.) It has been held that the Surrogate is without jurisdiction to compensate estate attorneys in connection with services rendered to property not passing through the testamentary estate. (Matter of Anderson, 136 Misc 110, revd on other grounds 232 App Div 704, affd 257 NY 592; Matter of Roosevelt, 191 Misc 840; Matter of Lewin, 34 Misc 2d 789.) In recognition, however, that in many instances, legal services are necessitated in the administration *41 of an estate with respect to nontestamentary or nonprobate assets, subdivision 7 of section 124 of the Decedent Estate Law (now EPTL 2-1.8), was amended to authorize the Surrogate in an apportionment proceeding to "assess against such property or interests [nontestamentary], as the case may be, an equitable share of the expenses in connection with the determination of the tax and in connection with the apportionment thereof.” (Matter of Walsh, 23 Misc 2d 873; Matter of Mervis, 26 Misc 2d 942; Matter of Lewin, 34 Misc 2d 789, supra.) Here, however, we are not involved in such a proceeding. The modern, more liberal view, however, is that the Surrogate may allow a counsel fee for services rendered in the estate tax proceeding as to assets which are not subject to the jurisdiction of the Surrogate as true assets of the estate of the decedent, even in the absence of a proceeding pursuant to EPTL 2-1.8. (Matter of Fletcher, 34 Misc 2d 904.)
The administration and settlement of this estate presented no unusual difficulties. Letters testamentary were obtained as a matter of routine upon the waiver of the sole distributee. In addition thereto, the attorney for the estate conducted the State and Federal estate tax proceedings. It is not unusual that the bulk of legal services rendered is in connection with the estate tax proceedings, particularly where, as here, the testamentary estate is disproportionate to the gross taxable estate. The instant proceeding will complete the settlement of this estate.
The court has considered the nature, extent and details of all services rendered. As to the legal services rendered by the attorney for the estate, excluding services rendered in the tax proceedings, the court has considered the value of the testamentary estate. With respect to the services rendered in the estate tax proceedings, the court has considered, in addition to the other relevant factors, the value of the assets constituting the gross taxable estate. After due consideration to all circumstances and factors relevant in the fixation of legal fees (Matter of Freeman, 34 NY2d 1, supra; Matter of Potts, 213 App Div 59, affd 241 NY 593, supra), the court fixes the value of the legal services payable out of the estate assets in the amount of $5,000, together with disbursements in the sum of $169.69. The court has not passed upon the amount, if any, due the estate attorney from nontestamentary assets for services rendered in connection with the inter vivos trust (Matter of Walsh, 23 Misc 2d 873, supra; Matter of Roosevelt, 191 Misc *42 840, supra) and the legal fee herein fixed is without prejudice to an application therefor to the appropriate court wherein the inter vivos trust account will be judicially settled.
The decree to be entered shall provide for the payment of the amount herein allowed less any sums heretofore paid on account. Additional disbursements, if any, shall be supported by affidavit.