OPINION OF THE COURT
John D. Bennett, J.
In this proceeding the attorneys for the decedent’s former wife, whose claim under a separation agreement has been allowed, seek payment for services rendered by them in this litigation from the estate or from the executors individually on the ground that opposition to the payment of the claim was not made in good faith.
The separation agreement provides that the successful party *24 is entitled to have the court or arbitrator determine whether the "losing party shall reimburse the successful party for all expenses of such litigation including attorney’s fees”. Paragraph twenty-third of the agreement expressly makes the agreement binding upon his estate.
While it is true that fees of an attorney who does not represent a fiduciary may not be paid out of the general estate unless the estate has been benefited (Matter of La Grove, 31 AD2d 928, affd 30 NY2d 624; Matter of Utter, 17 AD2d 868, affd 13 NY2d 836), here there is an explicit contractual provision between the husband and wife providing for the payment of compensation by the losing party in any litigation required to enforce the agreement.
The rules governing contracts generally are applicable to separation agreements (16 NY Jur, Domestic Relations, § 662). Since a husband may voluntarily contract, as here, to bind himself and his estate for the support of his wife following his death (Matter of Bardol, 51 AD2d 341) it would not be totally unanticipated that litigation could develop following death. Moreover, as indicated above, paragraph twenty-third expressly makes the agreement binding upon decedent’s estate.
In New York State provisions or stipulations in various contracts for the payment of attorneys’ fees in the event it is necessary to enforce the agreement with the aid of counsel are valid and enforceable (Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516; Waxman v Williamson, 256 NY 117; General Lbr. Corp. v Landa, 13 AD2d 804; Tinker Nat. Bank v Grassi, 57 Misc 2d 886). A number of reasons support the validity of such provisions: 1) They are enforceable under common-law principles as a deliberate bargain; 2) They indemnify the creditor against loss; 3) They expedite the payment of claims and encourage the fulfillment of contracts.
[Portions of opinion omitted for purposes of publication.]