OPINION OF THE COURT
C. Raymond Radican, J.
This is an application for attorney’s fees by the executor’s attorney involved in the conservator’s accounting.
The conservatee, Smith A. Combes, died on September 28, 1981 and his conservator was directed to file a final account by an order of Hon. Robert C. Meade, Justice of the Supreme Court, dated October 14, 1981, who referred the matter to the Surrogate as an Acting Supreme Court Justice since related proceedings were pending in the Surrogate’s Court.
An executor for the estate was subsequently appointed by an order of this court. The conservator filed his final account on January 25,1982 and moved for judicial settlement thereof. The account was reviewed by the executor and his counsel and several errors were found in some of the schedules. After substantial time and effort on the part of the executor’s attorney and the conservator, an amended account, a supplement to the amended account, and a decree were filed by the conservator. The executor’s attorney has prepared a counterdecree to the one filed by the conservator and there is no objection by the conservator to the proposed counterdecree.
The executor (who is receiving all of the estate assets less expenses) has an obligation as a fiduciary to satisfy himself that the conservator has accurately accounted for the period of his administration. In its final form there is *476 no objection to the account, and the executor’s attorney has indicated to the court that all of the assets are accounted for, notwithstanding the fact that the arithmetic computations contained in the summary schedule are a few hundred dollars out of balance.
While it is evident that the executor was acting as any other responsible fiduciary in similar circumstances, his counsel was certainly called upon to expend extraordinary legal services in the accounting. However, in this proceeding the conservator is the accounting fiduciary and the executor is an interested party, similar to a creditor or beneficiary, who is responsible for the payment of his own legal fees (Matter of Utter, 17 AD2d 868; Matter of Post, 155 Misc 389). The legal services which were performed by the executor’s attorney were clearly on behalf of the executor and as such should not be charged in this accounting, but must await consideration in the executor’s accounting wherein all legal services required by the executor can be reviewed and compensated accordingly.