OPINION OF THE COURT
C. Raymond Radigan, J.
In this proceeding by an administratrix for judicial settlement of her accounts, a creditor objects to petitioner’s failure to apportion among all persons interested in the estate the sum of $65,555.42 shown as unpaid administration expenses on schedule C-l.
The decedent left a gross taxable estate of $373,139 the bulk of which, or the sum of $345,000 consisted of the proceeds of a life insurance policy and an employee death benefit fund that were paid directly to the named beneficiaries, a former spouse and decedent’s sons. The assets passing through the estate, including earned income, total $31,164. Creditors’ claims exceed the net testamentary estate.
On schedule C of her account, petitioner charges the estate with $60,097.42 that was expended for State and Federal estate tax although the payment had been made by and prorated among the beneficiaries of the nontestamentary property. *684 Schedule C-l incorporates a claim for reimbursement of the tax payments advanced. When charged with the expense of the tax, the estate is left without any balance that could be applied in partial payment of creditors.
EPTL 2-1.8 directs that the tax paid on property required to be included in the gross taxable estate shall be equitably apportioned among the persons who receive the property unless otherwise provided in the will or nontestamentary instrument. The purpose of the statute is to alter the previous rule which imposed the entire burden of estate taxation upon the residuary beneficiaries, not only as to property passing under the will but also upon other transfers taking effect at death (Matter of Agris, 3 Misc 2d 821). The statute instead places the burden of payment on the persons who are benefited through the receipt of the property (Matter of Galewitz, 3 AD2d 280, 290-291, affd 5 NY2d 721). Since the decedent died intestate, there is no tax exoneration clause to be considered.
The administratrix actually collected the tax from the recipients of the nontestamentary assets, and no one questions the manner of apportionment. The issue is whether she may reimburse the tax to them from estate funds. She may not. Liability for the tax under the statute is cast personally on the persons benefited rather than the estate (Matter of Singer, 80 Misc 2d 1006) though the estate remains the conduit for payment. Reimbursement of the $60,097.42 claimed on schedule C-1 as it relates to estate taxes for nontestamentary assets is disallowed. Petitioner and her sons, however, are entitled to the $166.51 refund received from the State of New York as they paid the tax from and for their individual account. The apportionment of that refund as set out in the reply of petitioner’s attorney is accepted.
The argument of the objectant that all administrative expenses and taxes must be apportioned among the persons interested in the gross estate is rejected. EPTL 2-1.8 refers only to the apportionment of estate and death taxes and does not undertake to deal with funeral and other administrative expenses except to the extent set forth in subdivision (h). That subdivision empowers the surrogate, in his discretion, to assess an equitable share of the expenses incurred in connection with the determination of the tax and its apportionment against the nontestamentary property or interest.*
*685 The initial question posed is when should the court exercise its discretion to invoke an apportionment. While there are other creditors, it merits mention that the sole objectant here is a minor creditor ($318.36) who will receive a negligible monetary benefit if an apportionment is ordered. The monetary sums at stake, however, should not and are not factors that control or influence the court’s decision to exercise or to refrain from exercising the broad discretionary powers conferred on it by section 2-1.8. The statutory scheme contemplates that the court will act to order an apportionment whenever the existing circumstances disclose the failure to do so will place an unjust or disproportionate burden on the one side and give the other an unwarranted gain or advantage. When nontestamentary assets are included in the gross taxable estate, they benefit from the legal services involved in the preparation and filing of the estate tax returns and should contribute their fair share of the legal fee. Certainly, when nontestamentary property or interests far exceed the value of the assets passing through the estate, such imbalance, upon the filing of objections by an aggrieved party, should usually be reviewed to determine whether an apportionment is appropriate. Accordingly, the court finds apportionment appropriate even though there is only one creditor objecting. Since the court must apportion a fee, it must determine what should be paid out of the estate.
The citation indicated that the court was asked to fix attorney’s fees in the amount of $10,000. A defaulting creditor may rely on the court making a just determination of the fee and they may benefit when the fee is reduced based on another creditor’s objection (Matter of Mette, 273 App Div 740, affd 298 NY 789) and where they have not consented to the fee (Matter of La Grove, 31 AD2d 928, affd 30 NY2d 624).
The one administration expense listed in petitioner’s account that was not wholly incurred in the winding up of the estate is the attorney’s fee of $10,000, of which $3,500 is unpaid. The problem is to what extent this expense should be borne by the estate.
Petitioner’s account shows the value of the estate is $31,164 or 8.35% of the gross estate ($373,139) reported on the estate tax return. Although the nontestamentary assets are 11 times larger than those of the estate, the legal services performed for the assets are different.
Using the criteria set forth in Matter of Potts (213 App Div 59, affd without opn 241 NY 593) the court fixes the attorney’s fees *686 as they relate to the assets accounted for at $2,500. Accordingly, the attorney’s fees in excess of said amount already paid is to be refunded to the estate, the request for additional fees to be paid out of the estate is denied and the creditors are to share the balance pursuant to SCPA 1811. This determination is without prejudice to the attorney seeking attorney’s fees from the beneficiaries of the nontestamentary assets.
While the beneficiaries of the nontestamentary assets are before the court in this accounting proceeding by executing waivers to the account, the court will not fix the attorney’s fees concerning said assets since they have not been given notice concerning same. They and the attorney can either agree on same or a proceeding under EPTL 2-1.8 may be brought in this court. To the extent the services rendered by the attorney for the nontestamentary beneficiaries exceed those in the estate tax proceedings, since the matters do involve the affairs of a decedent and the court may be called upon to fix a fee under EPTL 2-1.8 (h), the issues should not be fragmented in multiple forums. This court will, therefore, entertain jurisdiction if necessary (Matter of Piccione, 57 NY2d 278).

 EPTL 2-1.8 (h) also authorizes the surrogate to assess the nontestamentary property and interest with an equitable share of an attorney’s fee where his or her services result in the exclusion of nontestamentary property or *685 interests from the gross taxable estate. This portion of the statute has no application to the case at hand.