■ In the Matter of W. STEPHEN LIRAKIS et al., Petitioners. WILLIAM E. MURRAY et al., Respondents, and GERALD GOLDFEDER, Appellant. — In a proceeding by petitioners, who are discretionary beneficiaries of a trust indenture, to, *inter alia,* (1) remove respondent Murray as a trustee of said trust indenture and (2) surcharge Murray for trustee's commissions received by him, Gerald Goldfeder, as cocounsel for petitioners, appeals, on the ground of inadequacy, from so much of an order of the Supreme Court, Dutchess County (Benson, J.), dated March 17, 1984, as granted a total of only $5,000 in counsel fees to Goldfeder and corporate cocounsel, to be charged to the principal of the trust.

Order affirmed insofar as appealed from, without costs or disbursements.

We note at the outset that appellant Goldfeder has standing to appeal (*Matter of Male Infant B.,* 96 AD2d 1055).

It has been consistently held that where, as in the case at bar, legal services are rendered on behalf of individual contestants or beneficiaries of a trust or estate, rather than for the benefit of the trust or estate itself, the attorney for the contestants or

beneficiaries must look to his client, rather than the trust or estate, for compensation (*Matter of La Grove,* 31 AD2d 928, *affd* 30 NY2d 624; *Matter of Utter,* 17 AD2d 868, *affd* 13 NY2d 836; *Matter of Bacharach,* 12 AD2d 938; *Matter of Bellinger,* 55 AD2d 448). However, in the case at bar, a stipulation was entered into by the parties which provided, *inter alia,* that "[a]ttorneys for each of the parties may submit to the Court an application for attorneys' fees * * * incurred in the course of this proceeding". Since the stipulation also provided that "the decision of the trial judge as to the amount of fees * * * if any, shall be final and binding on all parties", there is no basis for disturbing the award of counsel fees granted to appellant Goldfeder. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.