OPINION OF THE COURT
Renee R. Roth, S.
The court is requested to allocate to an inter vivos trust fund created by decedent a portion of the compensation payable to the attorney and accountant who rendered services to the administratrix of decedent’s estate.
*810 Petitioner is the administratrix of the estate of the grantor who died intestate in Florida on October 16, 1986.
The inter vivos trust was created in 1982 in this State, where it is being administered. Since the grantor was the sole income beneficiary during her life, the entire value of the trust in the sum of about $1,300,000 was included in her gross estate for estate tax purposes, pursuant to Internal Revenue Code § 2036 (26 USC § 2036). Indeed, it was the major asset of the estate, since the intestate assets were valued at about $250,000.
Petitioner claims that the inclusion of the trust in the grantor’s gross estate created complex tax problems. In particular,' petitioner cites a gift tax problem created by the segregation of a remainder interest for an infant as a result of a judicial reformation.
Affidavits of services submitted by petitioner’s attorneys and accountants show charges in the respective amounts of $12,175 and $11,000. Petitioner requests the court to allocate such fees, or a portion of them, to the trust. The request is opposed by the trustees, the income beneficiary (grantor’s surviving husband) and the guardian ad litem appointed for an infant remainderman.
Objectants alleged that the Federal estate tax return (form 706) was uncomplicated and that most of the information concerning the trust (consisting of various stocks and bonds) was provided by the trustees. Particularly, they contend that the decision to qualify a fractional share of the trust as a QTIP and the evaluation of the gift tax issue did not warrant the services of accountants. Moreover, they allege that most of the services described in the affidavits were unnecessary or unrelated to the determination of estate tax and that the requested fees are inflated.
In any event, objectants submit that the governing statute, EPTL 2-1.8 (h), does not authorize the court to assess such expenses against the trust. That statute provides for the allocation against "non-testamentary property” of an equitable share of the expenses in two situations: (1) "in connection with the determination of the tax and the apportionment thereof * * * [and (2)] services * * * resulting in the exclusion from the gross taxable estate of any non-testamentary property or interests created by any non-testamentary instrument”.
Objectants argue that neither alternative is present here *811 since, as a result of the unified credit and the marital deduction, the inter vivos trust did not generate any estate tax. Hence, although the trust was includable in the gross taxable estate, there were no estate taxes to be apportioned. Nor were any services rendered in connection with the "exclusion” of this fund.
This argument raises a novel issue, namely, whether expenses incurred in connection with the preparation of the estate tax return may be allocated against nontestamentary assets in the event that no estate tax is due. All prior decisions which discuss the apportionment of expenses against nontestamentary assets involve circumstances where such assets were excluded from the gross taxable estate or estate taxes were payable (see, Matter of Ratta, 128 Misc 2d 683; Matter of Lewin, 34 Misc 2d 789; Matter of Mervis, 26 Misc 2d 942).
The narrow construction of the statute proposed by objectants does not appear to further its clear purpose, which is to equitably prorate among nontestamentary as well as testamentary beneficiaries the expenses occasioned by the benefits they receive. Indeed, in recommending that Decedent Estate Law § 124 (the predecessor of EPTL 2-1.8) be amended, the Temporary State Commission on Law of Estates (Bennett Commn on Estates, 1964 NY Legis Doc No. 19, at 682) commented that "it is not equitable for the persons who received non-probate assets of great value to benefit from the services of attorneys rendered in respect to these assets but not share in the burden of payment for the attorneys’ services.” It is observed that if payment for professional services is made dependent upon the taxability of the estate, then the testamentary beneficiaries will pay the full cost of the tax proceeding. Such a result is not equitable where (as in the instant case) a Federal estate tax return is required only because of the nontestamentary assets. The court accordingly concludes that although the nontestamentary property occasioned no tax, the services rendered in preparing the estate tax return are incurred "in connection with the determination of the tax” under EPTL 2-1.8 (h).
In the instant case, the inclusion of the assets of the inter vivos trust in the gross taxable estate clearly necessitated some relatively sophisticated tax advice which was beneficial to the persons interested in the trust. The court, however, agrees that many of the services described by the attorneys and accountants are either not relevant to the calculation of *812 estate tax (such as the preparation of decedent’s or fiduciary’s income tax return) or not compensable.
Based upon the foregoing, the court fixes the compensation payable from the trust in the amounts of $2,000 for legal fees and $5,000 for accountant’s fees (see, Matter of Freeman, 34 NY2d 1; Matter of Potts, 213 App Div 59, affd without opn 241 NY 593; Matter of Snell, 17 AD2d 490).