OPINION OF THE COURT
Alfred J. Weiner, S.
*714 This is a proceeding commenced by petitioner compelling respondent to pay her proportionate share of estate taxes pursuant to EPTL 2-1.8. The application is opposed by respondent. A nonjury trial was held.
Decedent died intestate on December 8, 1994 and petitioner was appointed administrator on January 11, 1995. Respondent, a nondistributee, was the sole beneficiary of a life insurance policy issued on the decedent’s life. On March 17, 1995, respondent received the life insurance proceeds on this policy in the total sum of $192,202. Respondent’s proportionate share of estate taxes upon receiving this asset is in the sum of $38,051 based upon a total gross estate of $1,302,671.
Shortly after decedent’s death and until June 10, 1995, petitioner and respondent had various discussions concerning petitioner’s request that respondent pay a portion of the insurance proceeds to decedent’s grandchildren. Respondent alleges that petitioner told her that the decedent’s relationship with her had ended prior to his death and the insurance proceeds were the bulk of the decedent’s estate.
On June 10, 1995, respondent forwarded four checks in the sum of $10,000 each, payable to the joint names of decedent’s grandchildren and children, to an investment advisor recommended by petitioner. Four separate Uniform Gifts to Minors Act (EPTL 7-4.1 et seq.) accounts were opened by him with this sum.
Respondent contends that based upon her agreement with petitioner her $40,000 payment on June 10, 1995 to decedent’s grandchildren represented her full payment of her obligation to pay her share of estate taxes. Petitioner contends that he had an agreement with respondent whereby she would not be responsible for payment of estate taxes only if she paid the sum of $90,000. Therefore, respondent’s payment of $40,000 to decedent’s grandchildren was not in lieu of taxes, but was a gift.
The court finds that respondent, upon making the $40,000 payment, relied on statements made by petitioner that this sum would be a sufficient amount to relieve her of making any additional payments toward estate taxes. Respondent also stated to petitioner that she might pay an additional $50,000 as requested by petitioner, in the future depending on the final determination of the size of the estate.
EPTL 2-1.8 (a) requires apportionment of estate taxes with respect to any property required to be included in the gross *715 taxable estate of a decedent. Application of the statute is mandatory and places the burden of establishing a reason for nonapportionment upon those who contend for that result. (Matter of Pepper, 307 NY 242; Matter of Johnson, 33 Misc 2d 643.) The courts have no equitable power to vary the rule for apportionment in a particular situation. (Matter of Mollenhauer, 257 App Div 286.)
Furthermore, liability for the tax under the statute is cast personally on the persons benefited rather than the estate though the estate remains the conduit for payment. (Matter of Ratta, 128 Misc 2d 683.) Accordingly, any agreement for non-apportionment must be consented to by all distributees who will be responsible for an additional share of estate taxes in derogation of the apportionment statute.
Based on the testimony presented, no matter what the agreement was between the parties, respondent’s $40,000 payment did not relieve her from paying her proportionate share of taxes required by EPTL 2-1.8 since the other distributees of the estate did not consent to such agreement. Accordingly, petitioner’s application is granted and respondent shall pay the sum of $38,051 together with interest computed from September 1, 1995 to the estate.