MATTER OF ADELIA B. ALTHAUSE. 279

Misc. 279]     Surrogate's Court, New York County, January, 1924.

In the Matter of the Estate of ADELIA B. ALTHAUSE, Deceased.

Surrogate's Court, New York County, January, 1924.

**Executors and administrators — commissions — Laws of 1923, chapter 649, amending Surrogate's Court Act, section 285 — five per cent commission on rents collected includes agent's charge — when double commissions disallowed.**

The additional allowance intended by the amendment of 1923 to section 285 of the Surrogate's Court Act, which fixes the rate of commissions, includes any charge made by an agent employed by an executor to collect rents.

Where executors, though required by the will to manage real property and collect the rents, did so without employing an agent, they are entitled under section 285 of the Surrogate's Court Act, as amended in 1923, to commissions at the rate of five per cent on rents collected.

Where under the language of the will double commissions may not be allowed so far as a particular trust, different in terms from the other trusts created by the will, is concerned, commissions will only be allowed in one capacity, one-half of which may be allowed to the estate of the deceased executor.

PROCEEDING on accounting.

*Man & Man,* for William H. Althause, surviving executor.

*Thomas C. Buek,* for Elizabeth M. Cushing, executrix.

*Thompson, Koss & Warren,* for Mechanics and Metals National Bank.

FOLEY, S.   In this accounting proceeding a question arises as to the compensation of the executors and trustees.

(1) Commissions will be allowed at the rate of five per cent on the rents collected by the executors.   By chapter 649 of the Laws of 1923 the legislature amended section 285 of the Surrogate's Court Act, which fixes the rate on commissions of executors, trustees and other representatives.   The new matter material to this estate is the last sentence added to the section, which reads as follows: " Where a trustee or executor is, by the terms of the instrument, required to collect the rents and manage real property, he shall be allowed and may retain, five percentum of the rents collected therefrom, in addition to the commissions herein provided."   The language of this amendment raises three questions:   (1) Is the five per cent commission meant to include the compensation actually paid to an agent for the collection of rents?   (2) Is it additional compensation to be paid to the executor when he collects the rents personally and no agent is employed?   (3) Where an agent is employed is it additional compensation to which the executor or

trustee is entitled exclusive of the charges of the agent?   I think it was the clear legislative purpose that this additional allowance was intended to include any charge made by the agent employed by the executor to collect the rents.   There was merely incorporated in the statute the previous custom of allowing, in the executor's accounting, the agent's commissions as an expense of administration.   Where such charges are necessary and reasonable they are allowed.   *Matter of Binghamton Trust Co.*, 87 App. Div. 26.   In other words, if the rent collector was employed, it is in the form of a reimbursement; if he was not employed, and the collection of rents is made by the executor, it is additional compensation for the extra work.   Where the broker was employed, the legislature did not intend to allow to the executor an arbitrary five per cent upon the gross rentals in addition to the regular commissions of the executor and the broker's charges.   If the statute was construed otherwise, excessive and burdensome charges would be placed upon the beneficiaries in an estate composed largely of real estate.   Many properties yield a small net income, and the double charge, approximately twelve per cent upon gross rents, would leave nothing for the beneficiaries.   The terms of the will here required the executors to collect the rents and manage the real property, and they are entitled to compensation at the rate fixed.   Commissions must be awarded at the statutory rates in effect at the time the decree is made.   *Matter of Ellen King*, 121 Misc. Rep. 530.   In this estate no agent was employed, and the rents were collected directly by the executors.   Commissions are, therefore, allowed.

(2) I am of the opinion that under the language of the will, commissions cannot be allowed separately, in an executorial and a trust capacity, to the executors in so far as the trust for the benefit of William H. Althause is concerned.   *Matter of Ziegler*, 218 N. Y. 544; *Matter of Martin*, 196 id. 415.   This trust was different in terms from the other trust created by the will.   Commissions will, therefore, only be allowed in one capacity.

(3) The computation submitted by the executors, allowing half commissions only to the deceased executor's estate, is correct. *Matter of Bushe*, 227 N. Y. 85; *Matter of Ziegler, supra*.

Decree signed allowing commissions as computed.

Decreed accordingly.