In the Matter of the Estate of JAMES P. KNIGHT, Deceased.

Surrogate's Court, New York County, October 28, 1924.

Executors and administrators — additional commissions — trustees required by will to collect rents and manage real property — premises leased for long term to tenant who paid rent, taxes and other charges — Surrogate's Court Act, § 285, as amended by Laws of 1923, chap. 649, provides for additional allowance to trustees for collection of rents and management of real property — word " manage " implies maintenance and care of premises, making of repairs and payment of taxes and water rents — trustees merely collecting rents not entitled to additional commissions — trustees entitled to additional commissions on rents collected prior to execution of lease.

Trustees required by a will to collect rents and manage the real property are not entitled to the additional commission of five per centum of the rents collected, pursuant to section 285 of the Surrogate's Court Act, as amended by chapter 649 of the Laws of 1923, permitting an additional allowance to trustees for the collection of rents and the management and care of real property, where the premises were leased for a long term as a theatre, the lessee of which paid the rent, taxes and other charges, since it cannot be said that the trustees by merely collecting the rents also managed the real property within the meaning of the statute.

The word " manage " as contained in section 285 of the Surrogate's Court Act, as amended, implies the supervision, maintenance and care of premises, the making of necessary repairs, and the payment of taxes and water rents.

MATTER OF KNIGHT. **431**

Misc. 430]     Surrogate's Court, New York County, October, 1924.

However, an additional commission of five per centum, less the charges of the real estate agent, will be allowed the active trustee for the rents collected prior to the execution of the lease.

PROCEEDING for an accounting involving the allowance of commissions to trustees.

*Phillips & Avery,* for the petitioners.

*Charles H. Hyde,* for John L. Knight, objector.

*Robert C. Birkhahn,* special guardian for Ruth E. Lee and Margaret N. Lee.

FOLEY, S.:

In this accounting proceeding three questions are raised as to the allowance of commissions to the trustees. They involve the construction and effect of the amendment to section 285 of the Surrogate's Court Act made by chapter 649 of the Laws of 1923. The material language of the amendment reads as follows: " Where a trustee or executor is, by the terms of the instrument, required to collect the rents and manage real property, he shall be allowed and may retain, five per centum of the rents collected therefrom, in addition to the commissions herein provided."

(1) I hold that the terms of the will required the trustees to collect the rents and manage the real property, and entitled them, subject to the limitation of amounts hereafter made by me, to the additional commissions.

(2) The beneficiary and creditor of the estate objects to the additional allowance of five per cent on certain rents. The particular parcel of real property was leased for twenty-one years with options of renewal. According to the terms of the lease, the lessees are to pay in addition to the rental, all taxes and other charges. They have erected on the premises a theatre. It will be noted that the Legislature by the amendment to section 285 of the Surrogate's Court Act did not provide for an additional allowance for the mere collection of rents, but also required as a basis for extra compensation the *management* of the real property. By the same amendment the regular commissions of a trustee were substantially increased and the rate of the graded commissions on the larger amounts was fixed at two per cent. In *Matter of Althause* (122 Misc. 279) I held that where an agent has been employed to assist in the collection and management, his charge must be deducted from the additional commissions allowed the trustee. In my opinion a fair construction of the intent of the Legislature was that the trustee must, in order to become entitled to extra compensation, actively superintend or control the real property. The word

" manage " implies the supervision, maintenance and care of the premises, the making of necessary repairs, the payment of taxes and water rents. No one of these duties was required to be assumed by the trustees of this estate with reference to the lease of the property in question. Their responsibility is now limited to the collection of the rents, and the regular commission of two per cent furnishes ample payment for these services. Additional commissions cannot, therefore, be allowed to the trustees on the amounts in dispute.

(3) As to the rents collected prior to the making of the lease, the additional commission of five per cent, less the charges of the real estate agent, will be allowed to the active trustee.

Correct the decree in accordance with this decision and resubmit the same for signature.