Pierson B. Hildreth, S.
Certain questions are presented in this proceeding for judicial settlement of the executor’s account.
Petitioner has petitioned the court for a judicial construction of paragraph numbered “ twenty-sixth ” of decedent’s will and codicil thereto, which provides: ££ twenty-sixth : It is my will that all legacies and devises and other gifts to beneficiaries under the preceding paragraphs of this Will be paid and delivered free and clear of any and all taxes or duties, including estate, inheritance, transfer, legacy, succession and death taxes, duties and rates, whether State or Federal, or of any other Government, or which may become due or payable by reason of my death, and direct that any and all such taxes, duties and rates be paid out of my residuary estate and made a charge thereon prior to the devises and bequests set out in paragraph £ twenty-seventh ’ of this my Will. ’ ’
For estate tax purposes, decedent’s estate includes nontestamentary dispositions consisting of 6 savings bank accounts in trust for 6 different designated individuals and of 300 shares of Allegheny Ludlum Steel Corporation common stock given to petitioner by decedent shortly before her death. Petitioner contends that the will should be construed to require that all estate taxes should be borne by decedent’s residuary estate. Two of the residuary legatees disagree with such contention and maintain that the nontestamentary beneficiaries are chargeable for their respective all'ocable share of estate taxes.
Subdivision 4 of section 124 of the Decedent Estate Law provides that 11 Any direction as to apportionment or non-apportionment of the tax, whether contained in a will or in a non-testamentary instrument, shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs.” Such subdivision became effective September 1, 1950, prior to decedent’s death on December 4, 1956, and prior to the republication of decedent’s will by codicil dated October 3,1956. The strong policy favoring statutory apportionment requires that the testator ££ otherwise direct” as to apportionment of estate taxes in clear and unambiguous terms. (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.)
There is here no clear unambiguous direction against apportionment of estate taxes attributable to nontestamentary dispositions. The only certainty expressed by the words used in paragraph numbered £ 1 twenty-sixth ’ ’ of the will and codicil thereto is that the legacies and devises and other gifts to beneficiaries under the preceding paragraphs thereof are given free of estate taxes. All other possible interpretations are merely *517 conjecture and supposition. (Matter of Smither, 15 Misc 2d 701; see, also, Matter of Coulter, 11 Misc 2d 851, affd. 4 A D 2d 1019, motion for leave to appeal denied 5 A D 2d 814; Matter of Leonard, 9 A D 2d 1; Matter of Fairchild, 15 Misc 2d 272; cf. Matter of Frank, 11 Misc 2d 202.)
Certain commissions claimed by the executor are also disputed. Under paragraph numbered “ twenty eighth ” of decedent’s will, the executor employed himself at a salary of $150 per week from December 1, 1956 to August 8, 1958, to conduct, operate and manage the business of decedent at 80 Livingston Street, Brooklyn. Such paragraph of the will provides: 11 twenty-eighth : As John J. Turner has, since my husband’s death, continued very competently and faithfully to conduct and manage the business at 80 Livingston Street, Brooklyn, New York, formerly conducted by my late husband with the assistance of said John J. Turner, and as I desire that my estate shall have the benefit of his ability, integrity and experience in the conduct and management of the business, I hereby expressly direct, authorize and empower my executors to employ said John J. Turner in the conduct, operation and management of the business at 80 Livingston Street, Brooklyn, for such period as my executors or the survivor of them may consider necessary, and I direct and authorize my executors and/or the survivor of them to pay to said John J. Turner for his services in the conduct, operation and management of such business and of my estate, the same rate of compensation as that which he is being paid at the time this Will takes effect. This is in addition to his commissions as executor.”
During the lifetime of decedent, her business at such address apparently consisted of the management of investments in securities, the management of her real estate and the collection of rents therefrom. After her death, 1 £ the operation and management of the business at 80 Livingston Street, Brooklyn,” as reflected by the account filed by the executor, was limited to the collection of rents and the management of her real properties until the same were sold. In addition to such salary, the executor paid himself a commission amounting to 5% of the gross rents collected. He bases his right to do so on the authority of said paragraph ££ twenty-eighth ” of the will, especially the last sentence thereof and upon subdivision 6 of section 285 of the Surrogate’s Court Act. In the opinion of the court the reference to commissions in the last sentence of said paragraph 11 twenty-eighth ” refers only to commissions to which the executor would be entitled pursuant to section 285 of the Surrogate’s Court Act. If a trustee or executor undertakes to perform the rule of man *518 aging and collection agent then by statute he is entitled to additional compensation at a fixed rate as well as to the commission otherwise regularly allowed. In a case involving a trustee the Court of Appeals indicated that the additional commissions thus allowed by the Legislature “ are obviously meant to be compensation for additional services, to wit for the management of real property in addition to the collection of rents. ’ ’ (Matter of Smather, 309 N. Y. 487, 494; emphasis in original.) In the instant case decedent’s real property was managed and the rents therefrom were collected by the petitioner in his capacity as an employee of the executor, not in his capacity as executor. For such services he was paid a salary of $150 per week. Where an agent or employee was so employed, it has been held that the executor is not allowed 5% of the gross rentals in addition to the regular commission of the executor and the agent’s or employee’s salary or charges. (Matter of Althause, 122 Misc. 279; Matter of Knight, 124 Misc. 430.)
The executor is entitled to normal income commissions computed upon gross rents. (Matter of Schinasi, 277 N. Y. 252; Matter of Swartz, 162 Misc. 46.) While this court believes that in many instances the more logical basis for computing normal income commissions on rents should be on the basis of net rather than gross rents, any change in the present applicable law is a matter for the Legislature.
The court holds: (1) Estate taxes are to be apportioned as to nontestamentary dispositions includable in the gross taxable estate; (2) the executor is not entitled to additional commissions under subdivision 6 of section 285 of the Surrogate’s Court Act and is directed to return to and reimburse the estate the amount of any such commissions retained by him together with interest; (3) the executor is directed to amend his account accordingly and to supplement the same to the extent necessary to bring the account to date of the decree to be submitted thereon. The decree to be submitted upon this account shall incorporate a direction that the fixation of the amount of any allowance or grant of costs be reserved for supplemental decree to be entered after the time to appeal has expired, or if an appeal be taken, after final determination of the appeal.