■ In the Matter of R. ALLAN MARTIN, as Executor of SYLVIA M. MANN, Also Known as SYLVIA MARTIN, Deceased, Appellant.—Intermediate order, Surrogate's Court, New York County (Renee Roth, S.), entered January 29, 1992, which construed the Last Will and Testament of Sylvia Martin Mann, dated June 26, 1972, and gave cause and effect to Articles EIGHTH, TENTH, and SEVENTEENTH, so as to hold that a pre-residuary bequest of $500,000 must bear its aliquot share of estate taxes, unanimously reversed, on the law and facts, and said bequest is exonerated from the payment of estate taxes, without costs.

Appellant, R. Allan Martin, the Executor of the Last Will and Testament ("Will") of his deceased mother, Sylvia Martin Mann, seeks review in his individual capacity as a beneficiary adversely affected by the Surrogate's Court's construction of certain provisions of the Will. Acting as Executor, appellant filed a petition requesting that his account of proceedings for the period March 8, 1984 to March 29, 1988 be judicially settled and allowed. Objections were filed by two beneficiaries, Alana Martin Frumkes, decedent's daughter, and Theodore Mann, decedent's surviving spouse.

At issue on appeal is whether a $500,000 pre-residuary bequest to appellant under Article EIGHTH of the Will is subject to estate taxes when read in conjunction with Articles TENTH and SEVENTEENTH. The parties dispute the intendment of decedent, and offer differing interpretations as to how Articles EIGHTH, TENTH and SEVENTEENTH interact, and may be reconciled, on this issue.

Article EIGHTH provides as follows: "If my son, R. ALLAN MARTIN, survives me, I give and bequeath the sum of Five Hundred Thousand Dollars ($500,000.00) to the Trustees, hereinafter named, to be added to the principal of the residuary trust hereinafter provided in subpart C of Article TENTH of this my Will and administered and distributed in all respects, both as to income and principal, as the principal to which it is added."

Article TENTH, provides that the " 'residuary estate' ", comprised of "[a]ll the rest, residue and remainder of [decedent's] property of whatever kind and wherever situated" be divided into four subparts: A, which passes to a trust for decedent's husband, Theodore Mann; B, which passes to a not-for-profit corporation; C, which passes to the trust referenced in Article EIGHTH above for appellant and his family; and D, which passes to a trust for Alana Martin Frumkes and her family.

The final provision at issue, Article SEVENTEENTH, addresses the issue of taxes: "All estate, inheritance, transfer, legacy, succession or other similar taxes and duties, and any interest and penalties thereon, payable on any property which is devised and bequeathed under the provisions of this my Will or any other property which shall constitute a taxable part of my estate whether or not passing under this Will shall be paid out of that portion of my residuary estate passing under subparts B, C and D of Article TENTH, and no legatee or devisee or person having a beneficial interest in any such property under this Will or otherwise including that portion passing under subpart A of Article TENTH shall at any time be required to pay or refund any part of such taxes."

The parties are in agreement, and the Surrogate's Court recognized, that the $500,000 bequest to appellant under Article EIGHTH of the Will is a "pre-residuary" bequest, which was to be added to the principal of the residuary trust for appellant and his family, where it would be "administered and distributed in all respects" as the principal of said trust. It is also undisputed that estate taxes are apportioned under Article SEVENTEENTH among "that portion of [the] residuary

*estate* passing under subparts B, C and D of Article TENTH" (emphasis added).

Upon examination of this language, we conclude that Article SEVENTEENTH's clear and unambiguous directive that the estate tax is to be paid out of the specified portions of the *residuary estate,* exonerates any pre-residuary bequest from such liability. In the face of clear and unambiguous Will provisions, the strong policy favoring tax apportionment in the absence of direction, must yield. *(Matter of Atkinson,* 148 AD2d 839; EPTL 2-1.8 [a], [c].)

Although the specified portions pass, under the further terms of Article SEVENTEENTH, to separate residuary trusts, said trusts are not themselves liable for the estate tax. Simply stated, the portion of the residuary estate passing under subparts B, C and D to the trusts, does so net of payment of estate taxes. *(See, Matter of Shubert,* 10 NY2d 461 [terms of a Will providing that all estate taxes are to be paid from the residue denote testator's intent that pre-residuary bequests be exonerated from such taxes]; *see also, Matter of McKinney,* 101 AD2d 477, *lv denied* 63 NY2d 607; *Matter of Olson,* 77 Misc 2d 515.) Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.