■ In the Matter of the Estate of MICHAEL GILLIGAN, Deceased. BETH MANNING, Appellant; KEVIN GILLIGAN, as Administrator of the Estate of MICHAEL GILLIGAN, Deceased, Respondent. [668 NYS2d 656] —In a proceeding, *inter alia,* to apportion State and Federal estate taxes, Beth Manning appeals from (1) a decision of the Surrogate's Court, Rockland County (Weiner, S.), dated November 25, 1996, and (2) a decree of the same court dated December 18, 1996, which, after a nonjury trial, directed her to pay to the administrator of the estate the principal sum of $38,051.82, representing her proportionate share of estate taxes.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the decree is reversed, on the law, and the petition is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs payable out of the estate.

The appellant Beth Manning was the distributee of the proceeds of an insurance policy maintained by the decedent Michael Gilligan in the amount of $192,202.72. In January 1996, Kevin Gilligan, the administrator of the estate of the decedent, commenced this proceeding seeking to recover, *inter alia,* Manning's proportionate share of State and Federal estate taxes, to wit: $38,051.82. After a nonjury trial, the Surrogate granted the petition and directed the appellant to pay that amount to the estate. We reverse and dismiss the petition.

Pursuant to EPTL 2-1.8 (a), all estate tax payments are to be apportioned equitably among persons interested in the gross estate (*see, Matter of Collia,* 118 AD2d 778, 779). Liability for estate taxes under the statute is cast personally upon the persons benefited rather than upon the estate, although the estate remains the conduit for payment (*see, Matter of Ratta,* 128 Misc 2d 683, 684). There is a strong policy favoring statutory apportionment in the absence of a clearly-expressed inten-

tion to the contrary in the will (*see, Matter of Pepper,* 307 NY 242; *Matter of Mann,* 186 AD2d 500; *Matter of Mollenhauer,* 257 App Div 286; *Matter of Ritzheimer,* 25 Misc 2d 515). Here the decedent died intestate. Thus, the Surrogate properly held Manning to be liable for her proportionate share of the estate taxes, or $38,051.82. However, in his decree, the Surrogate failed to account for his finding that Manning had already paid into the estate the sum of $40,000 toward such taxes, at the direction of and in a manner prescribed by the estate administrator Kevin Gilligan. Thus, the direction in the decree requiring additional payment by Manning in the amount of $38,051.82 results in a windfall to the estate. Accordingly, the petition must be dismissed.

We note that although Manning paid more toward estate taxes than is alleged to be her proportionate share, she seeks only dismissal of the petition. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.